TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00073-CR







Jeffrey C. Milton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0944491, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of theft of property having a value of at least $20,000
but less than $100,000, a second-degree felony at the time of the offense. Act of May 10, 1993,
73d Leg., R.S., ch. 203, § 4, 1993 Tex. Gen. Laws 390, 391 (Tex. Penal Code Ann. §
31.03(e)(5)(B), since amended and renumbered as § 31.03(e)(5)). The district court assessed
punishment at imprisonment for ten years.

 On February 9, 1994, appellant entered a jewelry store in Austin and introduced
himself as Dr. Jack Symms. Appellant told the store manager, Rudy Moreno, that he had recently
received an insurance settlement and wished to spend approximately $15,000 for a nice piece of
jewelry. During the next half hour, Moreno showed appellant a number of items, including three
rings with diamonds of a distinctive cut. As Moreno moved about the store, appellant was not
always in his sight. Appellant eventually chose a diamond bracelet and Moreno started to write
up the purchase. Meanwhile, another store employee, Ana Reese Steele, began to clean the
display area where appellant had examined the three rings. Appellant "abruptly" said that he was
going to his car to get his checkbook, left the store, and drove away. Moreno and Steele then
discovered that the three rings were missing.

 Appellant's first point of error concerns Moreno's testimony regarding the value
of the stolen rings. Moreno, who had been in the jewelry business for eighteen years and had
fifteen years experience appraising jewelry, testified without objection that the three rings were
valued "from $15,000 to -- the least expensive, to 18, $19,000 for the most expensive of the
three." Moreno was then asked to state the value of each ring individually. He replied:



 The three carat all baguette ring, I am wanting to say was right at $15,000. 
I think that might have been the least expensive of them. . . . The three row, the
quad ring, I believe was 16 to $18,000. Also had probably --


 MR. JENSEN [defense counsel]: Your Honor, I am going to object unless
he -- as to what he believes or like to say unless he knows as to value.



The objection was overruled. Moreno went on to testify that the third ring, having "princess cuts
with the baguettes," was worth around $18,000.

 Appellant now urges that Moreno was not qualified to give expert testimony
regarding the value of the stolen rings and that the necessary predicate for an opinion as to value
was not laid. (1) This contention does not comport with appellant's trial objection. Tex. R. App.
P. 52(a). Moreover, any error in the admission of the testimony to which appellant objected was
harmless because Moreno had previously testified, without objection, that the three stolen rings
were each worth between $15,000 and $19,000. Point of error one is overruled.

 Moreno was asked by the prosecutor if he had ever been convicted of theft or other
crime involving moral turpitude or dishonesty. Moreno replied that he had not. Appellant
objected that Moreno's "character is not in evidence." In point of error two, appellant contends
the court erred by overruling this objection. Appellant relies on Texas Rule of Criminal Evidence
608(a), which provides that evidence of a witness's truthful character is admissible only after the
character of the witness for truthfulness has been attacked.

 We conclude that the testimony regarding Moreno's good character, if error, was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2); see Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989) (factors to consider in applying harmless error rule). Although
appellant's objection was overruled, the prosecutor did not pursue that line of questioning and the
subject of Moreno's character was not otherwise made an issue at trial. Point of error two is
overruled.

 Next, appellant urges that the court should have ordered a mistrial during Steele's
testimony. Steele was asked to characterize the look on appellant's face as he left the store. She
answered, "Fear. And he left, and that is when I said to Rudy, that guy is weird." Appellant
objected "to conclusion." The objection was sustained and the jury was instructed to disregard
the answer, but appellant's motion for mistrial was overruled.

 Appellant's entire argument under this point of error is: "An instruction to the jury
cannot cure the prejudice caused by this testimony." Appellant cites no authority. This point is
not adequately briefed. Garcia v. State, 887 S.W.2d 862, 873 (Tex. Crim. App. 1994); Tex. R.
App. P. 74(f). The district court has not been shown to have abused its discretion by overruling
the motion for mistrial. Point of error three is overruled.

 In his fourth point of error, appellant contends the court erred by refusing to give
the jury an instruction on circumstantial evidence. The requested instruction would have told the
jury that the evidence "must exclude to a moral certainty every other reasonable hypothesis except
the defendant's guilt."

 The Court of Criminal Appeals disapproved the use of a circumstantial evidence
instruction identical to that requested by appellant in Hankins v. State, 646 S.W.2d 191, 199-200
(Tex. Crim. App. 1983) (opinion on rehearing). The district court did not err by refusing the
requested charge. Point of error four is overruled.

 Finally, appellant urges that a second motion for mistrial, made after the jury had
retired to deliberate his guilt, should have been granted. By his motion, appellant complained that
the prosecutor had mentioned during his argument that appellant was identified in a photographic
lineup. Appellant argued, "Identification had been stipulated. I can't think of any other reason
they did this except to get the jury wondering where did the police get a picture of the defendant
and to suggest subliminally to the jury this is a man with a record." 

 Austin police officer Robbie Adams described her two-month investigation during
which she learned appellant's true identity. She further testified that she obtained a photograph
of appellant and prepared a photographic lineup. Moreno, Steele, and a third person in the store
on the day of the theft each selected appellant's photograph in the lineup. Appellant did not object
to Adams's testimony. During his argument, the prosecutor told the jury that there was no dispute
as to appellant's identity, reminding them that appellant's photograph had been identified and that
appellant had stipulated that he was in the jewelry store on the day in question. 

 Appellant's objection and motion for mistrial were doubly late. First, appellant did
not object to the prosecutor's argument at the time it was made. Second, the argument was an
accurate summary of testimony to which appellant voiced no objection. Under the circumstances,
no error was preserved. Tex. R. App. P. 81(b)(2). Moreover, we disagree with appellant's
characterization of the argument as a deliberate effort to suggest to the jury that appellant had a
criminal record. Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 28, 1996

Do Not Publish

1.   The case appellant cites in support of his argument is not found at the citation given
in his brief.


which provides that evidence of a witness's truthful character is admissible only after the
character of the witness for truthfulness has been attacked.

 We conclude that the testimony regarding Moreno's good character, if error, was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2); see Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989) (factors to consider in applying harmless error rule). Although
appellant's objection was overruled, the prosecutor did not pursue that line of questioning and the
subject of Moreno's character was not otherwise made an issue at trial. Point of error two is
overruled.

 Next, appellant urges that the court should have ordered a mistrial during Steele's
testimony. Steele was asked to characterize the look on appellant's face as he left the store. She
answered, "Fear. And he left, and that is when I said to Rudy, that guy is weird." Appellant
objected "to conclusion." The objection was sustained and the jury was instructed to disregard
the answer, but appellant's motion for mistrial was overruled.

 Appellant's entire argument under this point of error is: "An instruction to the jury
cannot cure the prejudice caused by this testimony." Appellant cites no authority. This point is
not adequately briefed. Garcia v. State, 887 S.W.2d 862, 873 (Tex. Crim. App. 1994); Tex. R.
App. P. 74(f). The district court has not been shown to have abused its discretion by overruling
the motion for mistrial. Point of error three is overruled.

 In his fourth point of error, appellant contends the court erred by refusing to give
the jury an instruction on circumstantial evidence. The requested instruction would have told the
jury that the evidence "must exclude to a moral certainty every other reasonable hypothesis except
the defendant's guilt."

 The Court of Criminal Appeals disapproved the use of a circumstantial evidence
instruction identical to that requested by appellant in Hankins v. State, 646 S.W.2d 191, 199-200
(Tex. Crim. App. 1983) (opinion on rehearing). The district court did not err by refusing the
requested charge. Point of error four is overruled.

 Finally, appellant urges that a second motion for mistrial, made after the jury had
retired to deliberate his guilt, should have been granted. By his motion, appellant complained that
the prosecutor had mentioned during his argument that appellant was identified in a photographic
lineup. Appellant argued, "Identification had been stipulated. I can't think of any other reason
they did this except to get the jury wondering where did the police get a picture of the defendant
and to suggest subliminally to the jury this is a man with a record." 

 Austin police officer Robbie Adams described her two-month investigation during
which she learned appellant's true identity. She further testified that she obtained a photograph
of appellant and prepared a photographic lineup. Moreno, Steele, and a third person in the store
on the day of the theft each selected appellant's photograph in the lineup. Appellant did not object
to Adams's testimony. During his argument, the prosecutor told the jury that there was no dispute
as to appellant's identity, reminding them that appellant's photograph had been identified and that
appellant had stipulated that he was in the jewelry store on the day in question. 

 Appellant's objection and motion for mistrial were doubly late. First, appellant did
not object to the prosecutor's argument at the time it was made. Second, the argument was an
accurate summary of testimony to which appellant voiced no objection. Under the circumstances,
no error was preserved. Tex. R. App. P. 81(b)(2). Moreover, we disagree with appellant's
characterization of the argument as a deliberate effort to suggest to the jury that appellant had a
criminal record. Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, J